```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

WILLIE SMILEY,

    Plaintiff,
v.                                  Case No. 8:18-cv-2410-T-33JSS

COSTCO WHOLESALE CORPORATION,

    Defendant.
_____/

**ORDER**

This matter is before the Court on consideration of Plaintiff Willie Smiley's Motion to Certify July 17, 2019 Order for Interlocutory Appeal (Doc. # 39), filed on August 12, 2019. Defendant Costco Wholesale Corporation filed a response in opposition on August 26, 2019. (Doc. # 40). For the reasons that follow, the Motion is denied.

**I.  Background**

Smiley initiated this action on September 6, 2018. (Doc. # 1). Costco removed the case to this Court on the basis of federal question jurisdiction on October 1, 2018. (Id. at 2). Smiley then filed his Amended Complaint on December 17, 2018. (Doc. # 20). The Amended Complaint asserts claims under the Florida Civil Rights Act (FRCA), Title VII, and Section 1981

1

for disparate treatment and failure to promote, as well as asserting a retaliation claim under the FCRA. (Id.)

On May 15, 2019, Costco filed a motion for summary judgment. (Doc. # 29). Costco argued that there were no genuine issues of material fact under the FRCA, Title VII, and Section 1981 for disparate treatment and failure to promote, or for retaliation under the FRCA. (Id. at 16-23). Smiley responded to the motion for summary judgment (Doc. # 31), and Costco replied. (Doc. # 32).

On July 17, 2019, the Court granted in part and denied in part the motion for summary judgment. (Doc. # 33). Summary judgment was denied for Smiley's failure to promote claim based on the forklift cross-training position. (Id. at 16). Summary judgment was granted on Smiley's failure to promote claim based on the produce supervisor position and all abandoned claims, including Smiley's claims "related to the seasonal front-end supervisor position and the membership supervisor position." (Id. at 14, 24). The Court also granted summary judgment on Smiley's retaliation claim, holding that Smiley had not shown a genuine issue of material fact as to pretext. (Id. at 22-24). Thus, only Smiley's failure to promote claim based on the forklift cross-training position survived summary judgment and the case is scheduled to go to

trial on that claim in October of 2019. (Id. at 25; Doc. # 11).

Smiley now seeks certification pursuant to 28 U.S.C. § 1292(b) to file an interlocutory appeal of the Court's Order granting in part and denying in part the motion for summary judgment. (Doc. # 39). Specifically, Smiley is requesting the Court allow an interlocutory appeal of the Order to the extent it granted summary judgment on Count IV, Smiley's retaliation claim. (Id. at 2). Costco has responded (Doc. # 40), and the Motion is ripe for review.

**II. Discussion**

"[I]n evaluating whether a district court's order is final and appealable, we look to the substance of the order." Young v. Prudential Ins. Co. of Am., 671 F.3d 1213, 1215 (11th Cir. 2012). A district court order granting partial summary judgment is not a final order subject to appellate review under 28 U.S.C. § 1291. Winfield v. St. Joe Paper Co., 663 F.2d 1031, 1032 (11th Cir. 1981).

However, an interlocutory appeal of a non-final, otherwise non-appealable order is permitted when a district judge determines that the "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the

order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292.

Even if this Court were to grant a Section 1292(b) certification concerning its Order granting partial summary judgment, the Eleventh Circuit would be under no obligation to consider an appeal of the Order. See McFarlin v. Conseco Services, LLC, 381 F.3d 1251, 1259 (11th Cir. 2004). ("[T]he court of appeals has discretion to turn down a [Section] 1292(b) appeal. And we will sometimes do so. The proper division of labor between the district courts and the court of appeals and the efficiency of judicial resolution of cases are protected by the final judgment rule, and are threatened by too expansive use of the [Section] 1292(b) exception to it.").

The Supreme Court has made clear that interlocutory review under Section 1292(b) should be the exception rather than the rule. See Caterpillar v. Lewis, 519 U.S. 61, 74 (1996)("Routine resort to [Section] 1292(b) requests would hardly comport with Congress' design to reserve interlocutory review for 'exceptional' cases while generally retaining for the federal courts a firm final judgment rule."). Likewise, the Eleventh Circuit has explained that interlocutory appeals should be permitted only "in exceptional cases where a

4

decision of the appeal may avoid protracted and expensive litigation, as in antitrust and similar protracted cases." McFarlin, 381 F.3d at 1256. "Because permitting piecemeal litigation is bad policy, permitting liberal use of [Section] 1292(b) interlocutory appeals is bad policy." Id. at 1259.

"[T]o obtain [Section] 1292(b) certification, the litigant must show not only that an immediate appeal will advance the termination of the litigation but also that the appeal involves 'a controlling question of law as to which there is substantial ground for difference of opinion.'" OFS Fitel, LLC v. Epstein, Becker & Green, P.C., 549 F.3d 1344, 1359 (11th Cir. 2008)(quoting 28 U.S.C. §1292(b)). "Most interlocutory orders do not meet this test." Id.

Smiley has failed to satisfy Section 1292(b)'s high burden for four reasons. First, this garden-variety Title VII case is not "exceptional." See Cooper v. Navient Sols., LLC, No. 8:16-cv-3396-T-30MAP, 2017 WL 2291329, at *2 (M.D. Fla. May 25, 2017)(denying a Section 1292(b) certification in part because "this garden-variety consumer law case is certainly not 'exceptional'").

Second, Smiley's Motion does not involve a controlling legal question. In the context of Section 1292(b), interlocutory "appeals were intended, and should be reserved,

5

for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine facts." McFarlin, 381 F.3d at 1259. But pretext is a factual inquiry. In order to show pretext, Smiley would have to "come forward with evidence, including previously produced evidence establishing the prima facie case, sufficient to permit a reasonable factfinder to conclude that the reasons given by the employer were not the real reasons for the adverse employment decision." Jones v. Gulf Coast Health Care of Del., LLC, 854 F.3d 1261, 1274 (11th Cir. 2017). So, the Eleventh Circuit would be required to root through the record to determine whether there was a genuine issue of material fact as to pretext. This counsels strongly against certifying an interlocutory appeal.

Third, Smiley has not shown a substantial ground for difference of opinion about the Order's resolution of Smiley's retaliation claim. To demonstrate a substantial ground for difference of opinion, the appellant must show "a legal issue is (1) difficult and of first impression, (2) the district courts of the controlling circuit are split as to the issue, or (3) the circuits are split on the issue." Flaum v. Doctor's Assocs., Inc., No. 12-61198-CIV, 2016 WL 8677304,

at *1 (S.D. Fla. Oct. 27, 2016). Therefore, to show substantial ground for difference of opinion, Smiley must highlight a matter of first impression or a split in authority related to the Order's analysis of pretext. Yet, in his Motion, Smiley merely points to the legal standard for pretext. (Doc. # 39 at 5). He then concludes that "reasonable minds might reach different opinions as to whether Smiley's proffered evidence" created a genuine factual dispute about pretext. (Id.). This assertion does not establish that a substantial ground for difference of opinion exists. See McFarlin, 381 F.3d at 1263 (finding that a failure to present authority in support of a party's proposed resolution of an issue precludes establishing a substantial ground for difference of opinion).

Fourth, an interlocutory appeal would not materially advance the resolution of this case. An interlocutory appeal materially advances the resolution of a case if the appeal helps avoid a trial or otherwise substantially shortens the litigation. Id. at 1259. Here, the interlocutory appeal will not significantly speed up the ultimate termination of proceedings. Indeed, this case will go to trial on Smiley's one surviving failure to promote claim regardless of an interlocutory appeal. And Smiley will be able to appeal the

7

grant of summary judgment on his retaliation claim at the end of that trial. See Williams v. Ala. Dep't of Corr., No. 4:12-cv-4043-KOB, 2014 WL 6090546, at *1 (N.D. Ala. Nov. 13, 2014) ("Courts do not often allow parties to appeal cases in pieces because cases are much easier to manage when all issues stay before one court rather than moving up and down an appeal independently."), aff'd, 649 F. App'x 925 (11th Cir. 2016).

Therefore, Smiley has not convinced the Court to permit an interlocutory appeal of the summary judgment Order.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Willie Smiley's Motion to Certify July 17, 2019 Order for Interlocutory Appeal (Doc. # 39) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 12th day of September, 2019.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE